**Robert M. BOYCE, Plaintiff,**

v.

**The AMERICAN LIBERTY INSURANCE COMPANY, Defendant.**

**Civ. No. 8924.**

United States District Court
D. Connecticut.

March 28, 1962.

John L. Calvocoressi, Pelgrift, Dodd & Stoughton, Hartford, Conn., for plaintiff.

Bruce W. Manternach, Robinson, Robinson & Cole, Hartford, Conn., for defendant.

ANDERSON, Chief Judge.

This is a suit for tortious inducement of breach of contract arising out of the same transaction complained of in Civil No. 8490, Boyce v. Merchants Fire Insurance Co., D.C., 204 F.Supp. 311. The facts are as follows:

Between July 16, 1958 and December 31, 1958 American Liberty purchased over 99% of the outstanding stock of Merchants. As a result of a stock dividend and subsequent purchases by American Liberty, there were 100,000 shares of Merchants' stock outstanding on December 31, 1960 and of these American Liberty owned all but 36⅔ shares. On that date Merchants was merged into American Liberty.

Effective November 10, 1958 American Liberty reinsured 100% of the liability of Merchants.

Though not owning any beneficial interest in the stock of defendant, the officers of American Liberty held corresponding positions with Merchants at the time of the transaction complained of herein. In addition, with the exception of an assistant vice-president, these of-

ficers (president, executive vice-president and secretary, vice-president and assistant secretary, and several vice-presidents) were members of and constituted the majority of the board of directors of Merchants.

The plaintiff, in his complaint, admits that American Liberty acquired control of Merchants at some time between July 1, 1958 and December 31, 1958. He goes on to complain, however, that after July 1, 1958 American Liberty "willfully, maliciously, and in order to obtain for itself the agency plant" induced Merchants to terminate its contractual relationship with plaintiff. Plaintiff also alleges that defendant induced the local agents to deal directly with Merchants rather than through the plaintiff.

Since this court has found that there was no breach of contract—see Civil 8490—, the plaintiff is left simply with a claim for tortious inducement of termination of a contract which would not otherwise have ended at that time. The plaintiff, however, has produced no evidential material to show in what manner the defendant induced the termination of the contract.

The officers and board of directors of Merchants were also the officers of the defendant. It is difficult to imagine how it could be shown that they, in their capacity as officers of the defendant, induced themselves, as officers and directors of Merchants, to terminate plaintiff's contract. There is a complete absence of evidence of inducement and, therefore, no need to reach the questions of privilege and of what type of inducement is actionable. The affidavit of Fred A. Carnell, president of both companies, stands uncontradicted. It sets out that Boyce's contract was terminated because Merchants became dissatisfied with his performance of his duties.

In oral argument reference was made to the case of Bender v. Hearst Corporation, 152 F.Supp. 569, decided by this court in 1957, as the source of the theory upon which the present case was brought. The Bender case is so obviously distinguishable as to require no further comment.

There are no genuine issues of material fact present in this case; and, therefore, the defendant's motion for summary judgment is granted.